**WHEELING TILE COMPANY, Plaintiff,**

**v.**

**APPALACHIAN FLOORING COMPANY, Beacon Construction Co. of Mass., Inc., John A. Volpe Construction Co., Inc., the Travelers Indemnity Company, Continental Casualty Company, Maryland Casualty Company, Defendants.**

**Civ. A. No. 62–729–C.**

United States District Court
D. Massachusetts.

May 6, 1964.

———◆———

Stephen W. Howe, Herbert G. Taylor, Boston, Mass., for plaintiff.

Howard Rubin, Guterman, Horvitz & Rubin, Boston, Mass., for defendant.

Harry B. White, George M. Herlihy, Boston, Mass., for defendant Maryland Cas. Co.

CAFFREY, District Judge.

This is an action brought by plaintiff, Wheeling Tile Company, a supplier of materials, against Beacon Construction Co. of Massachusetts, Inc. and John A. Volpe Construction Co., Inc., who as joint venturers executed a contract with the United States of America to construct so-called "Capehart Family Housing" and other improvements at Fort Devens, Ayer, Massachusetts. The Travelers Indemnity Company, Continental Casualty Company and Maryland Casualty Company, sureties on payments bonds posted by the construction companies, are also named as parties-defendant.

Beacon and Volpe executed a subcontract with Appalachian Flooring Company, under which Appalachian was to obtain the materials and perform the labor required for installing floors in the buildings to be constructed. Plaintiff was a supplier of materials to Appalachian. The parties to this case filed a stipulation of facts, and cross-motions for summary judgment were filed by the plaintiff and by all defendants save Appalachian. At the hearing on these motions, counsel for plaintiff advised the Court that Appalachian was in bankruptcy and the case was voluntarily discontinued as to Appalachian.

Defendants' motion for summary judgment is premised on the fact that plaintiff did not comply with a ninety-day notice requirement contained in the bond. The stipulation of facts establishes that the last delivery of material by the plaintiff Wheeling to Appalachian occurred on February 9, 1962, and that the first notice given by or on behalf of Wheeling to defendants Beacon and Volpe or their sureties was on July 3, 1962, i. e., more than ninety days after February 9, 1962. The pertinent "notice" provision of the Payment Bond reads as follows:

"2. The above named Principal and Surety hereby jointly and severally agree with the Obligees that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed or materials were furnished by such claimant or before the expiration of the period provided by the law of the place where the project is located for the giving of first notice of a lien of the category claimed by claimant, whichever period be longer, may sue on this bond for the use of such claimant in the name of either of the Obligees or their assignee hereunder, or in the name of the claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon; provided, however, that the Obligees or their assignee hereunder shall not be liable for the payment of any costs or expenses of any such suit.

"4. No suit or action shall be commenced hereunder by any claimant,

"(a) Unless claimant shall have given written notice to any two of the following: The Principal, any one of the obligees, or the Surety above named, before the expiration of the period referred to in condition 2 above, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the Principal, any one of the Obligees, or Surety, at any place where an office is regularly maintained by the addressee for the transaction of business, or served in any manner in which legal process may be served in the place in which the aforesaid project is located, save that such service need not be made by a public officer. For the purpose of this condition 4(a), either the giving of notice, or the filing of lien, in accordance with the pertinent lien law of the place where the project is located is a sufficient notice hereunder."

Plaintiff seeks to avoid the operation of the ninety-day limitation by relying on the fact that subsequent to February 9, 1962, negotiations took place between Wheeling and Appalachian as a result of which Appalachian returned to Wheeling a quantity of tile and flooring material which had been delivered to the job site for use under the contract in issue, but which material had been found to be excess to the requirements of the contract. After this material was returned by Appalachian to Wheeling, Wheeling credited the account of Appalachian in the sum of $581.00. Plain reading of the ninety-day notice provision keys its running from the date of the last delivery by the seller (materialman) to the subcontractor, not vice versa. The return of material by the subcontractor to the materialman cannot by any tortured con-

struction be taken to have the legal effect of an additional sale by the materialman to the subcontractor, and counsel conceded that no case could be found supporting such an esoteric view of the transaction.

Plaintiff's motion for summary judgment is denied. Defendants' motion for summary judgment is allowed. Complaint dismissed.